1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID G. OPPENHEIMER,

                          Plaintiff,

        v.

eXp REALTY LLC,

                          Defendant.

CASE NO. 2:21-cv-01304-RAJ-BAT

**ORDER DENYING MOTION FOR
RECONSIDERATION AND
EXTENDING DEADLINE FOR
REVISED DISCOVERY SCHEDULE**

Defendant eXp Realty LLC asks the Court to reconsider its Order granting Plaintiff David G. Oppenheimer's motion to amend the Complaint (Dkt 28) because the Court ruled o the motion prior to the response date. Dkt. 28. The Court requested further briefing and has considered Defendant's timely response to Plaintiff's motion to amend (Dkt. 26), its motion for reconsideration (Dkt. 28), Plaintiff's response (Dkt. 30), and Defendant's reply (Dkt. 31). Although Defendant's motion is one for reconsideration, the Court provides this ruling on the merits based on the rules governing amendments, instead of applying the elevated reconsideration standard to Defendant's motion.

BACKGROUND

On December 8, 2022, Plaintiff filed a motion to amend the original Complaint, with a noting date of December 23, 2022. Dkt. 21. On December 9, 2022, the Court directed Plaintiff to comply with LCR 15 (by December 9, 2022), by filing a copy of the proposed amended

ORDER DENYING MOTION FOR RECONSIDERATION
AND EXTENDING DEADLINE FOR REVISED
DISCOVERY SCHEDULE - 1

1   complaint with highlights or redlining reflecting how it differed from the original complaint.

2   Dkt. 22. Plaintiff complied with the Court's Order the same day. Dkt. 23. On December 16,

3   2022, the Court granted Plaintiff's motion to amend. Dkt. 24. The Court did not issue a new

4   scheduling order but directed the parties to confer and provide the Court with proposed new

5   discovery deadlines. *Id.*

6       In granting the motion to amend, the Court noted the motion was unopposed because

7   Defendant had not yet filed a response. *Id.* However, according to the original noting date of the

8   motion to amend, Defendant's response was not due December 19, 2022. Defendant filed a

9   response to the motion to amend (Dkt. 26) and a motion for reconsideration on December 19,

10  2022. Dkt. 28. The Court directed Plaintiff to file a response to the motion for reconsideration

11  and allowed Defendant time to file a reply. Dkt. 29. Plaintiff filed a response on December 30,

12  2022 (Dkt. 30) and Defendant filed a reply on January 10, 2023 (Dkt. 31).

13                          DISCUSSION

14      There is no dispute that the Court ruled on Plaintiff's motion to amend before

15  Defendant's deadline to oppose the motion. For this reason, the Court requested further briefing

16  and has now considered Defendant's timely opposition brief in addition to its motion for

17  reconsideration and the requested additional briefing. The Court concludes that its original Order

18  granting Plaintiff's motion to amend is not erroneous as Defendant has failed to carry its burden

19  to show that amendment is not warranted.

20      Plaintiff requested an amended case schedule under Fed. R. Civ. P. 16(b) and leave to file

21  an amended complaint under Rule 15. Dkt. 21 at 4, ¶ 17 (citing *Johnson v. Mammoth*

22  *Recreations*, 975 F.2d 604, 607-09 (9th Cir. 1992) (considering a motion for leave to amend

23

ORDER DENYING MOTION FOR RECONSIDERATION
AND EXTENDING DEADLINE FOR REVISED
DISCOVERY SCHEDULE - 2

complaint and for an amended case schedule). Plaintiff is required to show good cause for the requested amendment under Rule 16(b) and assuming good cause is shown, must demonstrate the amendment is proper under Rule 15. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (considering a motion for leave to amend complaint and for an amended case schedule).

The basis for Plaintiff's requested amendment of the Complaint is alleged new infringements of the same exact photograph by another eXp agent, Karuna Rockwell ("Rockwell claims"). Dkt. 21 at 2; *see also*, Dkt. 25, First Amended Complaint, ¶¶ 34–38. Plaintiff alleges the new infringements occurred on August 16, 2022, when Rockwell, a real estate agent in North Carolina operating under the "eXp Realty" brand, caused the uploading of multiple copies of the photograph as part of materials advertising Rockwell's real estate agent services. Dkt. 25 at ¶ 34. Thus, the alleged new infringements occurred after initiation of this litigation and after the amendment deadline of August 3, 2022. Dkt. 17. Plaintiff contends its initial discovery of the alleged new infringements occurred on August 29, 2022. Dkt. 21, ¶ 5.

Rule 16's "good cause" standard focuses primarily on the movant's diligence in seeking the amendment, and the Court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. Here, as previously discussed, Plaintiff could not have reasonably met the original amendment deadline because the basis for the amendment occurred after the deadline. Defendant argues that there was undue delay between the time Plaintiff learned of the new allegations (August 29, 2022) and when he filed the motion to amend (December 8, 2022). However, three or more months' delay between a movant's discovery of new circumstances and filing motions to amend is not

ORDER DENYING MOTION FOR RECONSIDERATION
AND EXTENDING DEADLINE FOR REVISED
DISCOVERY SCHEDULE - 3

unreasonable. *See, e.g., Albert v. Lab. Corp. of Am.*, No. 2:19-cv-510-RAJ-MLP, at *5 (W.D. Wash. Oct. 3, 2019) (finding the movant "sufficiently diligent in seeking its motion to amend" despite a six month delay); *Perkumpulan Investor Crisis Ctr. Dressel v. Wong*, No. 2:09-CV-1786-JCC, at *8 n.3 (W.D. Wash. Mar. 22, 2013) (rejecting that more than four months between discovery of new circumstances and moving to amend "demonstrates a lack of diligence"); *Amazon.com v. Robojap Techs.*, 2:20-cv-00694 MJP, at *5 (W.D. Wash. Aug. 19, 2021) (finding "sufficient evidence of [movant's] diligence in seeking leave to amend the complaint" despite a delay of three months between discovery of new circumstances and pursuit of depositions). Here, Plaintiff explains he required time (after August 29th) to investigate the new claim, respond to discovery requests (which referenced portions of the Rockwell claims), and exchange correspondence with counsel (referencing the Rockwell claims and deposition discovery). Defendant also contends Plaintiff did not act with due diligence because he had not requested any discovery. However, at the time Plaintiff filed the motion to amend, more than two months remained until the deadline to complete written discovery.[1]

Defendant has failed to show it will suffer prejudice from the granting of the motion to amend. The non-moving party must do more than merely assert prejudice; it must show it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely. As a corollary, delay alone is not sufficient to establish prejudice, nor is a need for additional discovery. To justify denying leave to amend, the prejudice to the nonmoving party must be substantial. *Mansfield v. Pfaff*, No. 2:14-cv-00948-

---

[1] As correctly noted by Plaintiff, the Scheduling Order contains duplicative entries for January 9, 2023, and March 7, 2023, as the deadlines for "All Motions Related to Written Discovery" (Dkt. 17 at 1) and requires correction.

ORDER DENYING MOTION FOR RECONSIDERATION
AND EXTENDING DEADLINE FOR REVISED
DISCOVERY SCHEDULE - 4

JLR, at *9 (W.D. Wash. July 21, 2022) (quotation marks and citations omitted).

Defendant argues that it will "suffer prejudice if Oppenheimer is allowed to amend the case schedule yet a third time in this case." Dkt. 28 at 9. However, the two prior amendments were the result of joint stipulations (Dkts. 12, 14) and occurred before entry of the Scheduling Order. Additionally, at the time of the prior amendments, the facts giving rise to the Rockwell claims had not occurred.

Defendant also argues all of Plaintiff's claims (including the new Rockwell claims) are more suitably handled in North Carolina "where all key witnesses reside" and therefore, the case can be dismissed pursuant to the doctrine of *forum non conveniens*. Even if true, it is unclear why the filing of the amended complaint would preclude Defendant from raising such an argument or why Defendant did not previously do so as to the Ombres allegations. It has been fifteen months since Plaintiff's filing of the Complaint and eleven months since Defendant filed its Answer and during this time, Ombres and Plaintiff have been based in North Carolina. Plaintiff also counters that Oppenheimer, Ombres, and Rockwell are not the sole witnesses relevant to the case as he intends on deposing eXp executives, who are based in this district. Dkt. 30 at 8-9.

The Rockwell claims are related to the claims contained in the original Complaint. Plaintiff alleges Rockwell infringed the exact same photograph as Ombres, works under the same broker-in-charge as Ombres, and Defendant's branding appears in proximity to the photograph in both instances. Thus, inclusion of the Rockwell claims at this relatively early stage in the

ORDER DENYING MOTION FOR RECONSIDERATION
AND EXTENDING DEADLINE FOR REVISED
DISCOVERY SCHEDULE - 5

litigation[2] will streamline discovery and promote judicial efficiency. *See Waste Action Project v. Snoqualmie Mill Ventures LLC*, No. 2:21-CV-00240-MJP, at *13 (W.D. Wash. Sep. 21, 2021) ("Allowing the amendment will also avoid any unnecessary burden on the Court to wade through any dispute over consolidation.").

Plaintiff has also met the less stringent standards of Rule 15. *See Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality.") (citations and quotations omitted). For events that occur after the date of the pleading to be supplemented, as is the case with the Rockwell claims, the Court may permit amendment "on just terms." [Motion to Amend, at 3, ¶15 (citing Rule 15(d))]. With respect to Rule 15, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). These factors support granting the motion to amend. There is no evidence that Plaintiff acted in bad faith. As previously discussed, Plaintiff acted with due diligence in filing the motion to amend, no undue delay has occurred, and Defendant will not be prejudiced. The Rockwell claims are complementary to those contained in the original Complaint and therefore, any additional discovery will be complementary. Finally, Plaintiff has not previously amended his complaint.

---

[2] Although the original complaint was filed in September 2021, the Scheduling Order was not issued until July 8, 2022, due to the two joint motions for extension of the Joint Status Report deadline.

ORDER DENYING MOTION FOR RECONSIDERATION
AND EXTENDING DEADLINE FOR REVISED
DISCOVERY SCHEDULE - 6

1    For these reasons, the Court denies Defendant's motion for reconsideration (Dkt. 28).

2    The parties' deadline to provide the Court with a proposed revised discovery schedule is

3    extended until **January 30, 2023**.

4    DATED this 17th day of January, 2023.

5

6    _____

7    BRIAN A. TSUCHIDA
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DENYING MOTION FOR RECONSIDERATION
AND EXTENDING DEADLINE FOR REVISED
DISCOVERY SCHEDULE - 7